UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MELISSA MACKEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:12-cv-00237 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| MEHARRY GENERAL HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

## M E M O R A N D U M

Plaintiff Melissa Mackey, an inmate at the Mark H. Luttrell Correctional Center in Memphis, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Meharry General Hospital where the plaintiff alleges she received treatment and ultimately underwent a surgery in which her right kidney was removed without her permission. (Docket No. 1).

### I.  Background

The plaintiff's complaint was originally filed in the Western District of Tennessee and contains claims against other defendants. *See Melissa Mackey v. B. Thomas, et al.*, No. 2:11-cv-2505 (W.D. Tenn. 2011). By order entered on March 2, 2012, Honorable James D. Todd of the Western District of Tennessee severed the plaintiff's claims against Meharry General Hospital and transferred those claims to the Middle District of Tennessee pursuant to 28 U.S.C. §§ 123(b)(1); 1404(a); 1406(a). (Docket No. 11). In that same order, the court denied the plaintiff's motion to appoint counsel, dismissed the plaintiff's claims against defendants State of Tennessee, Sharon Taylor, and Lolie Jones, and directed that process be issued for defendants B. Thomas and Judy Herman. (*Id.*)

1

## II. Prison Litigation Reform Act Screening

As to the plaintiff's claims against Meharry General Hospital, the court must screen the complaint pursuant to 28 U.S.C. § 1915A(b). *Pro se* complaints are to be construed liberally by the court. *See Boag v. McDougall*, 454 U.S. 364, 365 (1982). However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

## III. Section 1983 Claims

The plaintiff alleges claims under 42 U.S.C. § 1983 as well as supplemental state law tort claims. To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The plaintiff's factual allegations must describe a "plausible" basis for the violation of her rights. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Section 1983 does not permit a plaintiff to sue a local government entity on the theory of respondeat superior. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). Instead, "a municipality can be liable under § 1983 only where its policies are 'the moving force

2

[behind] the constitutional violation.'" *Canton v. Harris*, 498 U.S. 378, 389 (1989)(citation omitted). Therefore, "a plaintiff who sues a municipality for a constitutional deprivation under § 1983 must prove that the municipality's policy or customer caused the alleged injury." *Ellis ex rel. Pendergrass v. Cleveland Mun. School Dist.*, 455 F.3d 690, 699 (6th Cir. 2006).

The plaintiff has named "Meharry General Hospital" as a defendant. The hospital, Nashville General Hospital at Meharry, itself is not a legal entity which can be sued under Section 1983. *Monell*, 436 U.S. 658, 689-90 n. 53. However, to the extent that the plaintiff intends to sue the Metropolitan Hospital Authority d/b/a the Nashville General Hospital, the court finds that the plaintiff has not set forth any allegations which support a plausible constitutional claim against this defendant. In her complaint, the plaintiff does not allege that her constitutional rights were violated by any policy or custom attributable to the Metropolitan Hospital Authority. Thus, her § 1983 claims against this defendant fail as a matter of law.

## IV.     State Law Claims

In addition to her federal claims under § 1983, the plaintiff asserts a number of state law tort claims against the defendant. Title 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

However, the district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id.* at § (c)(3).

In the instant case, the court must dismiss the plaintiff's federal claims over which the court had original jurisdiction. The court declines to exercise supplemental jurisdiction to hear the plaintiff's remaining state tort claims. As such, these claims will be dismissed without prejudice to be filed, if the plaintiff so chooses, in state court.[1]

**V.    Conclusion**

For the reasons explained above, the plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against Meharry General Hospital will be dismissed. The plaintiff's remaining state law tort claims will be dismissed without prejudice.

An appropriate Order will be entered.

*Todd Campbell*
Todd J. Campbell
United States District Judge

---

[1] The court makes no representations regarding any applicable statute of limitations for the plaintiff's state law claims.